```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

CHARLES FISHER, ET AL.                      CIVIL ACTION

VERSUS                                      NO: 06-5619

AMERICAN INSURANCE COMPANY, ET              SECTION: "J" (5)
AL.
```

### ORDER AND REASONS

Before the Court is plaintiffs' Motion to Remand. (Doc. 7.) The motion is opposed. (Doc. 13.) For the following reasons the Court finds that the motion should be GRANTED.

### BACKGROUND

Plaintiffs' home was damaged during Hurricane Katrina. Plaintiffs submitted claims to defendant, American Insurance Company, pursuant to their homeowner's policy. The policy provided coverage limits of $67,492 for the dwelling. Defendant refused to pay anything for the claimed damages. Plaintiffs sued in state court to recover under the policy and for statutory penalties. Plaintiffs stipulated in their state petition that the amount in controversy did not exceed $75,000 per plaintiff inclusive of penalties and attorney's fees. Defendant removed the

case to this Court based on diversity jurisdiction. Plaintiffs subsequently filed an "Irrevocable Stipulation of Damages" acknowledging that they seek no more than $75,000 and renouncing any portion of any judgment over that amount.

## LEGAL STANDARD

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. *See* 28 U.S.C. § 1441(a). Original diversity jurisdiction is appropriate where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. *Gebbia v. Walmart Stores, Inc.*, 223 F.3d 880, 883 (5th Cir. 2000). When the amount of damages is not specified in the petition, a defendant can rely on the face of the complaint if it is apparent that the amount in controversy is enough. *De Aguilar*, 47 F.3d at 1412. Alternatively a defendant can rely on summary judgment type evidence of facts in controversy that establish the jurisdictional amount. *Id.* After the defendant has met its burden, the plaintiff must prove to a legal certainty that its recovery will not exceed the

jurisdictional amount. *Id.* A defendant must do more than point to a state law that might allow a plaintiff to recover more than was pled. *Id.* Any ambiguities are construed against removal and in favor of remand because removal statues are to be strictly construed. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

## DISCUSSION

The face of the petition in this case contains no indication that the amount in controversy exceeds $75,000. Defendant relies on the policy limit of $67,492, the insured's initial report that the home was a total loss, plus the possibility of penalties. There are no facts before the Court indicating the value of damage claimed to be from a covered peril. Nor are there facts indicating the propriety of penalties. The relevant inquiry concerns the damage to the home, not the value of the policy. *See Atkins v. Lexington Ins. Co.*, 2006 WL 1968895, *3 (E.D.La. 2006). It is not apparent to the Court that Defendant's facts are sufficient to sustain its burden.

In addition, Plaintiffs have filed a stipulation indicating that they cannot recover more than $75,000. Although, a stipulation cannot divest jurisdiction once it is vested in this Court, it may serve to clarify that an ambiguous petition was not removable in the first place. *Gebbia v. Wal-Mart Stores, Inc.*,

233 F.3d 880, 883 (5th Cir. 2000). The petition and the original stipulation it contained indicated that the jurisdictional amount was likely not met. The stipulation filed in this Court forecloses on a recovery of more than $75,000 and clarifies that the jurisdictional amount has never been at issue in this case.[1]

## CONCLUSION

Defendant has failed to meet its burden of proving that jurisdiction exists.

Accordingly,

**IT IS ORDERED** that plaintiffs' Motion to Remand (Doc. 7) is **GRANTED**; the above-captioned action is **REMANDED** to the Civil District Court, Parish of Orleans, State of Louisiana.

New Orleans, Louisiana this the 4th day of December, 2006.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[1] In addition, an attempt to evade the stipulation will subject Plaintiffs and their counsel to sanctions from this Court.